UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| KEVIN LEMIEUX, on behalf of himself and all others similarly situated, | ) ) ) | C/A: 2:15-cv-02332-SB |
| Plaintiff, | ) ) | |
| v. | ) ) | **PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| HORIZON, INC.; MARK KEITH, individually; and GINA KEITH, individually, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

Plaintiff, Kevin Lemieux ("Lemieux"), on behalf of himself and all others similarly situated, and all of the filed Opt-Ins to date (all jointly "Plaintiffs"), by and through the undersigned counsel, complaining of the acts of Defendants Horizon, Inc. ("Horizon"), Mark Keith ("Mr. Keith"), and Gina Keith ("Ms. Keith") (Horizon, Mr. Keith, and Ms. Keith collectively "Defendants"), alleges as follows:

## NATURE OF CLAIM

1.      This action is brought individually and as a collective action for unpaid overtime wages, for liquidated damages, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA").  The collective action provisions under the FLSA provide for opt-in class participation.

## PARTIES, JURISDICTION, and VENUE

2.      Plaintiffs reallege each and every allegation contained in Paragraph 1 as if repeated here verbatim.

3.      Lemieux is a citizen and resident of the County of James City, State of Virginia.

1

4.     Upon information and belief, Horizon is a South Carolina corporation maintaining offices and agents and otherwise doing business in the County of Jasper, State of South Carolina.

5.     Upon information and belief, Mr. Keith is a citizen and resident of the County of Beaufort, State of South Carolina, and an owner of Horizon.

6.     Upon information and belief, Ms. Keith is a citizen and resident of the County of Beaufort, State of South Carolina, and an owner of Horizon.

7.     This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiffs' claims under the FLSA.

8.     Plaintiffs bring this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals who were employed by Horizon, at any time within the three (3) years prior to joining this lawsuit, and assigned to the position of Field Superintendent.

9.     Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. 1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claim herein occurred in this Division, and the Defendants have extensive and deliberate contacts in this Division.

9.     Based upon the above, jurisdiction and venue are proper in this court and division.

## **FACTS**

10.     Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 9 as if repeated here verbatim.

11.     Defendants own and operate a construction business, Horizon, which has its headquarters located in Ridgeland, South Carolina.  Horizon's website advertises that Horizon is a mechanical contractor operating across the country with over one hundred (100) employees

and over Twenty-two Million and 00/100 dollars ($22,000,000.00) in sales.

12.     Mr. Keith is the President and Chief Executive Officer ("CEO") of Horizon.  In this position, he exercises operational control over Horizon; he has the authority to set the wages and pay for Plaintiffs and determine if they were to be paid for overtime hours worked; and, therefore, Mr. Keith is individually liable to Plaintiffs.

13.     Ms. Keith is the Vice President and Chief Operating Officer ("COO") of Horizon. In this position, she exercises operational control over Horizon; she has the authority to set the wages and pay for Plaintiffs and determine if they were to be paid for overtime hours worked; and, therefore, Ms. Keith is individually liable to Plaintiffs.

14.     Defendants hired Lemieux as an employee in 2009 and placed him in a position of a Field Superintendent.

15.     Defendants paid Lemieux, and Plaintiffs, a salary, instead of an hourly wage, by claiming that he was exempt from the FLSA.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of Fair Labor Standards Act, 29 U.S.C. § 207**
**Failure to Pay Proper Overtime Wage)**

16.     Plaintiffs reallege each and every allegation contained in Paragraphs 1 through 15 as if repeated here verbatim.

17.     At all times pertinent to this Complaint, Horizon engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

18.     At all times relevant to this Complaint, Horizon's annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00). Alternatively, Plaintiffs worked in interstate commerce so as to fall within the protection of the FLSA.

3

19.     The business of Horizon was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Horizon is subject to, and covered by, the Fair Labor Standards Act.

20.     Pursuant to the terms of the FLSA, 29 U.S.C. § 207, an employer must pay a nonexempt employee time and a half for all hours worked over forty (40) hours in a workweek.

21.     Defendants failed to pay Plaintiffs the proper amount for all overtime hours worked.

22.     Defendants have violated the FLSA, 29 U.S.C. § 207, in reckless disregard of the rights of Plaintiffs.

23.     As such, Plaintiffs seek to recover from Defendants the following damages:

a.     actual damages in the amount of overtime wages due;

b.     liquidated damages of an equal amount;

c.     reasonable attorneys' fees and all the costs of this action; and

d.     an order requiring Defendants to change their compensation policies and practices to comply with the FLSA.

_____
Bruce E. Miller (Fed Bar No. 3393)
BRUCE E. MILLER, P.A.
147 Wappoo Creek Drive, Suite 603
Charleston, SC  29412
T: 843.579.7373
F: 843.614.6417
bmiller@brucemillerlaw.com

**ATTORNEYS FOR KEVIN LEMIEUX,**
**on behalf of himself and**
**all others similarly situated**

CHARLESTON, SC

October 21, 2015

4